UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHRIS A PANNELL, #1170224

    Petitioner,

v.                              2:11CV517

HAROLD W. CLARKE,
Director of Virginia Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

    This Amended Report and Recommendation corrects an erroneous name in the original Report and Recommendation, (ECF No. 17), on pages 2 and 3 from "Spencer" to "Pannell".

    This matter was initiated by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. Presently before the Court is respondent's Motion to Dismiss. For the reasons stated below, the undersigned recommends that the respondent's motion be GRANTED, and the petition DISMISSED.

1

## I. STATEMENT OF THE CASE

On November 13, 2007, following a jury trial, the Circuit Court for the City of Norfolk entered a judgment convicting Chris A. Pannell ("Petitioner" or "Pannell") of misdemeanor hit-and-run, robbery, and misdemeanor destruction of property, and sentenced him to six months imprisonment for each of the misdemeanors and life imprisonment for the felony robbery charge. Commonwealth of Virginia v. Pannell, Case No. CR06000219, Sentencing Order (Va. Cir. Ct. Jan. 8, 2009). Pannell appealed to the Court of Appeals of Virginia challenging the sufficiency of the evidence, and contending that the trial court erred in admitting evidence of prior bad acts. Pannell v. Commonwealth of Virginia, Record No. 2040-08-1 (Va. Ct. App. Sept. 11, 2009). The court denied his appeal on the merits. Id. Pannell appealed to the Supreme Court of Virginia again challenging the sufficiency of the evidence, and asserting that the trial court erred in admitting evidence of prior bad acts. The Supreme Court of Virginia refused Pannell's petition for appeal on April 2, 2010. Pannell v. Commonwealth of Virginia, Record No. 092054 (Va. April 2, 2010).

On July 26, 2010, Pannell filed a state habeas petition in the Norfolk Circuit Court alleging five grounds for relief: 1)

2

the trial court lacked sufficient evidence to convict; 2) that the trial court erred in admitting evidence of Pannell's prior bad acts; 3) the jury instructions improperly altered the prosecutor's burden of proof; 4) his counsel was ineffective by misstating his closing argument on a lesser charge; and 5) his due process rights were violated when the prosecutor falsely presented a prior larceny conviction as a robbery conviction. Pannell v. Johnson, Case No. CL10004920-00 (Va. Cir. Ct. July 26, 2010).  The Norfolk Circuit Court denied Pannell's state habeas petition on December 2, 2010.  Id.  Pannell appealed to the Supreme Court of Virginia, which refused his petition for appeal on July 12, 2011.  Pannell v. Johnson, Record No. 110461 (Va. July 12, 2011).

On September 16, 2011, Pannell, proceeding pro se, timely filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  In his petition, Pannell asserts the same five grounds for relief raised in his state habeas petition. (ECF No. 2, 2-1).  On November 17, 2011 Respondent filed its Rule 5 Answer and Motion to Dismiss, along with a brief in support.  (ECF Nos. 10-12).  In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), the Petitioner was advised of his right to file opposing affidavits,

statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose the Respondent's filing. (ECF No. 13). Petitioner replied on December 7, 2011. (ECF No. 14). Accordingly, Respondent's Motion to Dismiss is ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C.§ 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for purposes of

federal review, Pannell's claims have been exhausted, either because he previously presented them to the state's highest court, or because he would now be procedurally barred from doing so. (Resp.'s Mot. to Dismiss, ECF No. 12 at 2).

Once a petitioner's state remedies have been exhausted, under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arises at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the

burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

In his petition, Pannell first claims that the evidence was insufficient to convict him. (ECF No. 2 at 3-17). An essential element of the right to due process is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307,316 (1979) (discussing In re Winship. 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all

reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In Jackson, the Supreme Court expressly recognized that its holding accorded "full play" to the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Id. In Wright v. West, the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of the constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (internal citations omitted) (emphasis in original).

As relevant in Pannell's case, robbery in Virginia is defined as the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. Crawford v. Com., 217 Va. 595, 597, 231 S.E.2d 309, 310 (1977) (citations omitted).

7

The mental state and the taking are not required to be contemporaneous to constitute robbery. See Clay v. Com., 30 Va. App. 254, 260, 516 S.E.2d 684, 686 (1999). In this case, the trial court also instructed the jury on the lesser included offense of larceny. Pannell v. Commonwealth of Virginia, Record No. 2040-08-1 at 4. Larceny in Virginia is defined as the wrongful or fraudulent taking of personal goods of some intrinsic value belonging to another, without his assent and with the intention to deprive the owner thereof permanently." Clay v. Com., 30 Va. App. at 260 (citing Cullen v. Commonwealth, 13 Va.App. 182, 186, 409 S.E.2d 487, 489 (1991)).

Pannell contends that the evidence was insufficient to convict him of robbery. (ECF No. 2 at 3-17). In reviewing this challenge on direct appeal, the Virginia Court of Appeals summarized the facts of the case as follows:

> On August 20, 2005, Donna Blount's vehicle was struck twice by another vehicle as she was driving home from work in Norfolk. Blount was alone in her car. The other vehicle struck Blount twice as she executed a left turn to enter a highway. After the collision, Blount stopped on the side of the road. Appellant, who was driving the other vehicle, stopped behind her. Blount expected the driver of the other vehicle to approach her, but appellant did not. Blount opened the driver's door of her vehicle and initiated a telephone call. Immediately after she did so, appellant opened the passenger door and leaned forward into her car. Appellant grabbed at Blount's telephone

8

and jewelry she was wearing. In the process, appellant grabbed Blount's shoulder, leaving her with a bruise. Blount struck appellant in the face. Blount testified she was scared and feared appellant was going to kill her. Appellant grabbed Blount's purse from the floor of her vehicle. Appellant ran to his car, entered the car, and drove away. Blount pursued appellant in her vehicle and called the police.

Pannell v. Commonwealth of Virginia, Record No. 2040-08-1 at 3.

Pannell contends that he is guilty of larceny, at most, because he did not use violence or intimidation when he took Blount's purse. (ECF No. 2 at 3-17). He claims that he took Blount's purse only as an "afterthought." Id. at 5. The Court of Appeals of Virginia held that:[1]

Blount testified that appellant grabbed at her inside her vehicle after the collision. Appellant tried to take Blount's telephone and jewelry. During the incident, appellant grabbed Blount's shoulder, bruising her. Blount fought off appellant's attack and struck him in the face. As he exited Blount's vehicle, appellant took her purse. The evidence thus proved beyond a reasonable doubt appellant took

---

[1] Pannell raised this claim on his direct appeal and again in his state habeas petition. The claim was rejected on the merits on direct appeal to by the Virginia Court of Appeals, and in a summary order, the Supreme Court of Virginia denied Pannell's appeal. The claim was then rejected in his state habeas petition based on Henry v. Warden, which states that a non-jurisdictional issue raised and decided either in the trial or on direct appeal will not be considered in a habeas proceeding. 265 Va. 246, 576 S.E.2d 495 (2003). Therefore, the Court of Appeals decision on Pannell's direct appeal is the highest reasoned state court decision on this claim, and it is presumed that the Supreme Court of Virginia's denial of Pannell's appeal rests on the same grounds. See Roberts v. Johnson, 2:05CV331, 2006 WL 1881002 (E.D. Va. July 6, 2006) (citing Ylst v. Nennemaker, 501 U.S. 797, 804-06 (1991)) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground.").

Blount's property from her presence through the use of force or intimidation and that he was guilty of robbery.

Pannell v. Commonwealth of Virginia, Record No. 2040-08-1 at 3.

After reviewing the transcript of the trial and the opinion of the Court of Appeals, the undersigned finds no unreasonable determination of fact, nor any unreasonable application of federal law in the Virginia Court of Appeals' analysis. The jury heard all of the evidence and made its own factual determinations as to credibility and consistency of the testimony. The members were also instructed on the lesser included offense of larceny. Based upon the evidence and the instructions, the jury made its determination. These factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Pannell has not met his burden. Viewing the evidence in the light most favorable to the Commonwealth, The Court of Appeals' finding that this evidence was adequate to sustain Pannell's conviction was not unreasonable, particularly given the "sharply limited nature of constitutional sufficiency review." Wright v. West, 505 U.S. at

10

296-97.   Therefore   the   undersigned   recommends   that   the   Court dismiss claim 1.

Pannell  next  asserts  that  the  trial  court  violated  his  due process  rights  by  admitting  evidence  of  his  prior  bad  acts—namely,  the  testimony  of  Virginia  Stokes  and  Stacey  Neathery  who had  similar  encounters  with  the  Pannell.   (ECF  No.  2  at  17-20; ECF  No.  2-1  at  1-5).   Pannell  raised  this  issue  on  direct  appeal. In  his  argument  supporting  the  federal  habeas  petition,  Pannell argues  that  the  admission  of  these  prior  bad  acts  does  not  fall under  any  of  the  three  exceptions—identity,  motive,  and  intent—under  Virginia's  evidence  rules.   (ECF  No.  2  at  18-20)  (citing Turner v. Com., 255 Va. 645, 651 (2000)).   Ordinarily, "it is not the  province  of  a  federal  habeas  court  to  re-examine  state  court determinations  on  state  law  questions."   Estelle v. McGuire, 502 U.S. 62, 67 – 68 (1991); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999).   When  a  petitioner's  claim  rests  exclusively  on  an interpretation  of  state  law  and  statutes,  it  is  not  cognizable  on federal  habeas  review.   Specifically,  state  court  rulings  on  the admissibility  of  evidence  are  not  ordinarily  subject  to  review  in federal  habeas  proceedings  unless  they  present  some  constitutional claim.   Maynard v. Lockhart, 981 F. 2d 987, 986 (8th Cir. 1992); Buell v. Mitchell, 274 F.3d 337, 357 (6th Cir. 2001).

11

In this case, Pannell's claim states no basis for federal habeas relief, as it relates solely to a state court's application of state law.   Though Pannell claims the admission violated his due process rights, he has not alleged any constitutional dimension to the trial court's admission of the challenged criminal history.   The legal arguments made in the federal petition, and the Court of Appeals' opinion analyzing the merits of the claim on appeal, both relate to Virginia evidentiary law. Thus, Pannell's claim is not cognizable in federal habeas relief and should be dismissed.

To the extent that the trial court's application of Virginia law in this case presents even a remote challenge to the fundamental fairness of Pannell's trial, its application was not unreasonable.   In rejecting the claim, The Court of Appeals of Virginia held that:

> At appellant's trial, Virginia Strokes testified that on September 25, 1999, when she was driving alone in Norfolk, appellant's vehicle bumped into hers.   Stokes and appellant stopped and discussed the exchange of insurance information.   As Stokes was preparing to drive away, appellant alerted her that a brake light on the rear of her vehicle was not working.   Appellant got into the driver's seat of Stokes' car, ostensibly to fix the light.   After appellant had exited the vehicle and reentered his vehicle, Stokes noticed her purse was missing from its location on the passenger seat.

On the same day as the incident involving Stokes, appellant's vehicle struck the car of Stacey Neathery, who was driving alone in Norfolk. After they stopped their vehicles and discussed contacting the police, appellant said he had minor damage to his front headlight, but they could leave. Neathery said she preferred to wait for the police. When Neathery reached inside her vehicle to obtain her license and registration, appellant grabbed her from behind. Neathery bit appellant's hand and screamed. Appellant moved Neathery to the driver's side of the vehicle and pushed her into the car. Appellant demanded ten dollars from Neathery, but she could produce only seven dollars. Appellant took the money and ordered Neathery to leave the scene.

Before the Commonwealth introduced the testimony of Stokes and Neathery at appellant's trial, the trial court gave a preliminary instruction informing the jury it could consider the testimony of Stokes and Neathery to demonstrate the appellant's intent, identification, or motivation in the incident with Blount, but for no other purpose. The trial court repeated this instruction at the conclusion of the evidence.

The testimony of Stokes and Neathery demonstrated appellant twice had struck the vehicle of a woman driving alone and subsequently stole property from the woman. Thus, the evidence also tended to indicate that appellant intentionally struck Blount's vehicle for the purpose of taking her property. The trial court expressly limited the purposes for which the jury could consider the evidence, and the record does not reflect the jury did not follow the instruction. See LeVasseur v. Commonwealth, 225 Va. 564 589, 304 S.E.2d 644, 657 (1983). The testimony of Stokes and Neathery was relevant, was not overly prejudicial and

the trial court did not err in admitting it.[2]

Pannell v. Commonwealth of Virginia, Record No. 2040-08-1
at 2-3.

Pannell states in his briefs that he conceded identity as
well as motive and intent, and therefore, the evidence could not
be submitted to under these exceptions.   However, Pannell never
cites to anywhere in the record that would indicate he conceded
motive and intent, and in fact, a large majority of his brief is
dedicated to his attempt to prove he only intended to commit
larceny.   There is no evidence in the record, as Pannell
suggests, that his due process rights were violated, or that
there was any violation of any federal constitutional right.
See United States v. Hadaway, 681 F.2d 214, 217 (4th Cir. 1982)
("In determining whether evidence is admissible under [Fed. R.
Evid. 404(b)], the district court must balance its probative

---

[2] The Court of Appeals of Virginia also noted that to the extent Pannell
argued that his prior bad acts were inadmissible as being remote in time, the
record does not reflect that he raised this argument in the trial court.
Therefore, it was barred from consideration under Rule 5A:18 which prohibits
arguments from being considered by the appeals court that were not presented
to the trial court.  Similarly, in the present matter, to the extent Pannell
argues remoteness his claim is procedurally defaulted.  When a state court
"clearly and expressly bases its dismissal of a habeas petitioner's claim on
a state procedural rule, then that procedural rule provides an independent
and adequate ground for the dismissal," and the federal habeas claim is
procedurally defaulted.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)
(citing Coleman v. Thompson, 501 U.S. 722, 731 - 32 (1991).   The Virginia
procedural rules which prohibit claims on appeal which were not preserved at
trial, is an adequate and independent state law basis for procedural default.
Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Weeks v. Angelone, 4
F. Supp. 2d 497, 515 (E.D. Va. 1998).

value, defined as its relevance, necessity, and reliability, against the prejudice to the defendant of admitting the evidence.") (citing United States v. DiZenzo, 500 F.2d 263, 266 (4th Cir. 1974)). The jury was instructed on the limitations of the testimony, and the court reasonably weighed the probative and prejudicial effects. Therefore, the undersigned recommends that the Court dismiss claim 2.

Pannell next argues that the court erred in instructing the jury on the intent element of robbery. In his state habeas petition, the Norfolk Circuit Court held that this claim was procedurally defaulted under Slayton v. Parrigan because Pannell failed to raise the claim on his direct appeal. Pannell v. Va. Dep't Corr., Case No. CL10004920 at 2 (Va. Cir. Ct. Dec. 2, 2010) (citing Slayton v. Parrigan, 215 Va. 27 (1974) (barring consideration of a habeas claim that was not brought on direct appeal under Virginia Supreme Court Rule 5:7)).

A federal habeas petitioner's claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Breard, 134 F. 3d at 619 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A state rule is adequate and independent

15

where it is "regularly or consistently applied by the state court," and "does not rely on a rule of federal constitutional law." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)).

A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). A procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 156, 170 (1982)). A proper showing of "actual innocence" is sufficient to satisfy the "miscarriage of justice" requirement. See House v. Bell, 547 U.S. 518, 536-37 (2006).

Virginia Supreme Court Rule stated in Slayton v. Parrigan, constitutes an independent and adequate state law ground, therefore, Pannell's third claim is procedurally defaulted. See

16

Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006). Absent cause and prejudice or proof of a miscarriage of justice, Pannell's claim is barred from federal habeas review. Pannell has not alleged cause or prejudice, or a miscarriage of justice and none is disclosed by the Court's own review of the record. Therefore, the undersigned recommends that Pannell's claim 3 be dismissed.

Pannell next argues that his trial counsel was ineffective when he argued to the jurors that they should find him "not guilty" of larceny. Pannell's counsel's strategy in this case was to argue that Pannell should be found "guilty" of larceny, but not robbery as the evidence failed to establish that Pannell accomplished the theft by using violence. Pannell argues that his counsel's error in arguing he was "not guilty" of larceny constitutes ineffective assistance of counsel, because he contends the jury would have presumed he was "guilty" of robbery.

In ruling on his state habeas petition, the Norfolk Circuit Court dismissed this claim after reviewing an affidavit of the Court Reporter who stated that his trial transcript reflecting counsel's "not guilty" argument was in error. Pannell v. Va. Dep't Corr., Case No. CL10004920 at 2-3. The Court Reporter's

17

affidavit stated that after reviewing the audiotape of the proceedings, the transcript should actually say "I ask you to find him guilty of larceny from the person." Accepting this affidavit as the correct statement of counsel's argument, the Norfolk Circuit Court held that there was no factual basis for the allegation petitioner made. The court therefore rejected this claim because Pannell failed to meet his burden under either Strickland prong. Pannell v. Va. Dep't Corr., Case No. CL10004920 at 2-3 (citing Strickland v. Washington, 466 U.S. 668 (1984)).

Factual determinations made by a state habeas court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003). There is no evidence that the Norfolk Circuit Court's determination of this fact was unreasonable. Pannell has provided no reason to doubt the authenticity of the affidavit or the facts it contained.

In his response brief, Pannell argues that the Court should hold an evidentiary hearing on this issue. (ECF No. 14 at 12-14). He does not, however, proffer what information would be revealed during this hearing that would contradict the Norfolk

Circuit Court's conclusion.  Moreover, in reviewing the trial transcript, it is clear that Pannell's defense attorney's argument was that Pannell should be convicted of larceny, not robbery.[3]  The affidavit of the Court Reporter is entirely consistent with the other statements made by Pannell's defense counsel in his closing argument, and reflects counsel's theory of the case as a whole.  Accordingly, the undersigned finds no need for an evidentiary hearing on this matter and further finds that the Norfolk Circuit Court's factual determination that the trial transcript was in error is presumed correct and was not "objectively unreasonable," nor in any way suspect.

For Pannell to have succeeded on his ineffectiveness of counsel claim in his state habeas petition, he would have had to satisfy both the "performance" and the "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. at 687.[4]  To satisfy the "performance" prong of the test, petitioner

---

[3] The trial transcript of closing arguments contains multiple statements by Pannell's counsel such as "Once he backed out, it became larceny from the person," and "I ask you to draw this distinction with a difference—to conclude that he is the perpetrator and to find him guilty only of larceny from the person." Commonwealth of Virginia v. Pannell, CR06000219-00, Trial Trans. at 225-26 (Va. Cir. Ct. Nov. 26, 2007).

[4] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Spencer must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Circ. 1994); see Strickland, 466 U.S. at 697.

19

must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687. To satisfy the "prejudice" prong of the test, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.[5]

In this case, the Norfolk Circuit Court's finding was not one that "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). As previously explained, the Norfolk Circuit Court's decision regarding the trial transcript is afforded deference under the AEDPA and was reasonable based on the Court Reporter's affidavit. Because this alleged misstatement was the only basis for Pannell's ineffective assistance of counsel claim, and it was resolved against him by the state habeas court, he has no ineffectiveness claim that would satisfy either prong of the <u>Strickland</u> test. Thus, Norfolk Circuit Court's decision that there was no factual basis for Pannell's claim,

---

[5]The Supreme Court went on to define a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>Lovitt v. True</u>, 403 F.3d 171, 181 (4th Cir. 2005).

and he likewise did not satisfy the Strickland test is a reasonable application of clearly established federal law. The undersigned, therefore, recommends that Pannell's claim 4 be dismissed.

Finally, Pannell argues that the Commonwealth mischaracterized one of his prior larceny convictions as a robbery conviction during argument to the jury. He asserts that "the jury was deceived into convicting [him] for robbery as a 3rd offense." (ECF No. 2-1 at 14-20).[6] In his state habeas petition, the Norfolk Circuit Court held that because Pannell failed to raise the claim at trial or on direct appeal, it was not cognizable in a habeas corpus action. Pannell v. Va. Dep't Corr., Case No. CL10004920 at 2-3 (citing Slayton v. Parrigan 215 Va. 27). For the reasons stated previously, this constitutes an independent and adequate state law ground, and therefore, Pannell's third claim is procedurally defaulted. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006). Absent cause

---

[6] Pannell's sentence of life on the robbery charge was based on Virginia's three-strikes statute, Va. Code § 19.2-297.1, as a result of his two previous robbery convictions. The claim alleged in Ground Five does not challenge the trial court's use of either prior robbery conviction as a predicate offense. In fact, Pannell concedes that he had two previous robbery convictions. (ECF No. 2-1 at 15). In Ground Five, however, he argues that because one of the prior bad acts introduced at trial was a predicate robbery and the other was not, that the jury could have been misled to believe both prior bad acts were robberies. This claim is one which could have been preserved at trial and this thus the Norfolk Circuit Court's reliance on Slayton v. Parrigan was entirely proper.

and prejudice or proof of a miscarriage of justice, Pannell's claim barred from federal habeas review. Pannell has not alleged cause or prejudice, or a miscarriage of justice and none is disclosed by the Court's own review of the record. Therefore, the undersigned recommends that Pannell's claim 5 be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Pannell's request for an evidentiary hearing be DENIED, that respondent's Motion to Dismiss be GRANTED, and that Pannell's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claim DISMISSED with prejudice.

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served

22

with a copy thereof.

    2.    A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

    The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

              /s/
              Douglas E. Miller
              United States Magistrate Judge

              DOUGLAS E. MILLER
              UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 10, 2012

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Chris A. Pannell
#1170224
Nottoway Correctional Center
P. O. Box 488
Burkeville, VA 23922


Donald Eldridge Jeffrey, III
Office of the Attorney General
900 E Main St
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
        Deputy Clerk

_____ May 10 _____, 2012

24